IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS S. WILLIAMS, #10075609, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-0334-O (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

Petitioner, an inmate at the Dallas County Jail[1], filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent is the Director of the Texas Department of Criminal Justice. The Court did not issue process in this case.

Following a guilty plea to possession of a controlled substance, the trial court placed Petitioner on community supervision for a four-year period, suspending a ten-year sentence, in accordance with the plea agreement. *See State v. Williams*, No. F06- 86896-CR (194th Jud. Dist. Court, Dallas County). Thereafter, the state moved to revoke probation. During the probation revocation proceedings, Petitioner entered into a new plea agreement that exchanged his plea of true for the State's recommendation of a two-year sentence. After the entry of Petitioner's plea of

---

[1] According to the Dallas County Jail website, Petitioner was booked in October 2010 on various arrest warrants, including a parole violation warrant.

true, the trial court found that he had violated a number of the conditions of his probation. As a result, the court refused to accept the plea agreement and sentenced Petitioner to eight years' imprisonment. Petitioner appealed. On December 2, 2009, the Court of Appeals affirmed the trial court's judgment. *See Williams v. State*, No. 05-08-01216-CR (Tex. App. – Dallas Dec. 2, 2009, no pet.) (op., not designated for publication).

On February 4, 2009, Petitioner filed a state habeas application pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Williams*, No. W06-86896-A. The Texas Court of Criminal Appeals (TCCA) dismissed the state application on April 29, 2009, because his direct appeal was pending. *See Ex parte Williams*, No. WR-71,733-01. Petitioner resubmitted his state habeas application on December 11, 2009, after the affirmance of his judgment of conviction. *See Ex parte Williams*, No. W06-86896-A. However, because a mandate had not been issued, the TCCA again dismissed the application on March 10, 2010, due to the pendency of his direct appeal. *See Ex parte Williams*, No. WR-71,733-02.[2]

In his federal petition, received on February 17, 2011, and filed on February 18, 2011, Petitioner challenges the revocation of his probation on the basis of ineffective assistance of counsel.

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in

---

[2] The above dates were verified through information available on the Dallas County, Texas Fifth District Court of Appeals, and Texas Court of Criminal Appeals' websites.

the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. While he avers raising his claims in his state habeas applications, the TCCA dismissed both applications because they were filed while his direct appeal was still pending. *See Ex parte Williams*, Nos. WR-71,733-01 and -02. Therefore, the TCCA has not had an opportunity to consider the merits of the claims that Petitioner raises in his federal petition, and they remain unexhausted. Having failed to exhaust, the petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** the petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[3]

---

[3] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28

3

SIGNED on February 24, 2011.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　RENÉE HARRIS TOLIVER
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

　　　　A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　RENÉE HARRIS TOLIVER
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Petitioner should act diligently and expediently in seeking habeas corpus relief in both state and federal court. *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004) (state habeas application filed *before* issuance of mandate by Texas state court of appeal was *not* "properly filed" and, thus, could not toll one-year limitations period).